United States District Court
Eastern District of Michigan

Robert D. Gordon,

        Petitioner,                  Case No. 25-cv-11001

        -vs-

                                   Hon. Robert J. White

Eric Rardin, Warden,

        Respondent.

_____/

## **Response to Petition for Writ of Habeas Corpus**

The Court should deny Robert Gordon's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Preliminarily, Gordon failed to exhaust his administrative remedies; thus, his petition fails. Additionally, when the Bureau of Prisons exercises its discretion under the Second Chance Act, its decision is unreviewable.

                                Respectfully submitted,

                                Jerome F. Gorgon, Jr.
                                United States Attorney

                                s/ Julie A. Beck
                                Julie A. Beck
                                Assistant United States Attorney
                                211 West Fort Street, Suite 2001
                                Detroit, MI 48226
                                (313) 226-9717
                                julie.beck@usdoj.gov

Dated: August 12, 2025

United States District Court
Eastern District of Michigan

Robert D. Gordon,

        Petitioner,                  Case No. 25-cv-11001

        -vs-

                                 Hon. Robert J. White

Eric Rardin, Warden,

        Respondent.

_____/

**Brief in Support of Response to
<u>Petition for Writ of Habeas Corpus</u>**

**Issue**

Should Gordon's petition for a writ of habeas corpus under 28 U.S.C. § 2241

be denied because he has failed to exhaust his administrative remedies?

Should Gordon's petition for a writ of habeas corpus be denied because the

Bureau of Prisons' exercise of discretion under the Second Chance Act is not

reviewable?

**Background**

**Gordon's procedural history precludes relief.**

Gordon, using the social media platform "Whisper," enticed and coerced a

15-year old to engage in sexual acts with him. He traveled from Indiana to

Michigan for these encounters knowing that she was a minor. Gordon produced a

video of himself and the minor having sexual intercourse twice and another video

of her performing oral sex on him. (Rule 11 Plea Agreement, ECF. No. 35, PageID.440-41, 443-44; Gov't Sentencing Memo, ECF No. 39, PageID.479-483). Gordon pleaded guilty and is now serving 204 months' imprisonment (17 years) for coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and interstate travel with intent to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b). (Rule 11 Plea Agreement, ECF No. 35; Judgment, ECF No. 41, PageID 505; Exh. 1: Racz Declaration, ¶ 5).

Gordon is currently housed at FCI Milan; his full term expires on August 31, 2034. (Exh. 1, Racz Declaration, ¶ ¶ 4, 7; BOP Sentence Record, p. 2). Gordon filed this petition for habeas relief under 28 U.S.C. § 2241 seeking an additional 10 months of credit toward pre-release custody under the Second Chance Act. 18 U.S.C. § 3621(b).

**Credits toward prerelease custody are available to Gordon.**

Federal inmates may earn time off their custodial sentences in a couple of ways. The First Step Act of 2018 provides opportunities for federal inmates to earn and receive sentencing credits (FTCs). 28 U.S.C. § 3632(d)(4)(A). One of the First Step Act's goals is to reduce recidivism by federal inmates by providing access to "recidivism reduction programs" and encouraging other "productive activities." Participation in such programming and activities earns an inmate FTCs that can reduce time served in prison. 18 U.S.C. § 3632(a), (d)(4). Earned FTCs can be

applied toward early transfer to prerelease custody or supervised release. 18 U.S.C.

§ 3632(d)(4)(C). (Exh. 1: Racz Declaration, ¶ 6). The Second Chance Act,

separately, provides another possibility of credit toward a reduction in a custodial

sentence under 28 U.S.C. § 3621(b). Under the Second Chance Act, the maximum

amount of time that could be applied is 365 days. *Id.*

Gordon, with the application of FTCs, has a current projected release date of

February 25, 2031, under First Step Act release. (Exh. 1: Racz Declaration, ¶ 7).

He has the *potential*, although unearned to date, to earn 1,180 more FTC

programming days that could be applied–if he earns them and if he doesn't

jeopardize those FTCs by becoming ineligible–resulting in a "tentative FSA

Conditional Placement Date" of December 3, 2027. After application of FTCs, any

SCA credit may be applied, up to the maximum of 12 months. (Exh. 1: Racz

Declaration, ¶ 7). However, SCA credit is "not guaranteed" and requires an

"individualized assessment" before it can be assessed and credited. (*Id.*).

When considering both the FSA and SCA, Gordon has the potential to be in

prelease custody as early as December of 2026. (Exh. 1: Racz Declaration, ¶ 8).

Per Gordon's current case manager at FCI Milan, the SCA review will occur in

advance of potential placement into prerelease custody, such as a Residential Re-

entry Center (RRC), in early 2026 (*Id.*). The designation of a place of

imprisonment is solely in the discretion of the BOP, and its determination is unreviewable. 18 U.S.C. § 3621(b)(5).

## Argument

**Gordon failed to exhaust his administrative remedies.**

A federal inmate may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). However, he cannot seek habeas relief until he has exhausted his administrative remedies. *United States v. Wilson,* 503 U.S. 329, 334-36 (1992); *Luedteke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. v. Northeast Ohio Corr. Ctr.,* 473 F.3d 229, 231 (6th Cir. 2006). Exhaustion protects "administrative agency authority" and "promotes efficiency." *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan,* 503 U.S. 140, 145 (1992)). This exhaustion requirement allows "the Bureau of Prisons . . . the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts," *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001), and it "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

The BOP's regulations about administrative remedies are governed by 28 C.F.R. § 542.10, et seq., and BOP Program Statement 1330.18, "Administrative Remedy procedures for Inmates." (Exh. 3: Allison-Love Declaration, ¶ 2). After an inmate tries to informally resolve any disputes, he next files a request for an administrative remedy, referred to as a BP-9, with the Warden of the facility where he is confined. (*Id.* at ¶ 3). If the inmate is dissatisfied with the result, he appeals to the Regional Office by filing a BP-10. If that result remains unsatisfactory, the inmate appeals to the BOP's Office of General Counsel by filing a BP-11. (*Id.*). This is the final step in the administrative remedy process, and the result constitutes the final agency decision. (*Id.*). Only after completing the process through the BP-11 level has the inmate exhausted his administrative remedies. (*Id.* at ¶ 9). Gordon did not complete any of these steps. (*Id.* at ¶ 8).

Here, Gordon concedes he hasn't exhausted, and his futility argument fails. Gordon acknowledges that he did not present, or attempt to present, any of his grounds for appeal to the BOP, claiming that exhausting his administrative remedies would be futile because by the time the August 2025 date arrives, he "would more than likely still be utilizing the administrative remedy process" which would cause him "harm." (Gordon Petition, ECF No. 1, PageID.7; Allison-Love Declaration, Exh. 3, ¶ 8). Instead, Gordon waited and created his justification for a futility argument. Gordon attached the First Step Act (FSA) time credit assessment

to his petition, printed on "09-04-2024," but he didn't seek placement in a halfway house until April, eight months later, and only by filing for habeas relief in this Court. (Gordon Petition, ECF No. 1, PageID.13). There is nothing else in the record supporting Gordon's conclusory, subjective claim of futility of pursuing his administrative remedies. (Exh. 3: Allison-Love Declaration, ¶ 8). *See Colton v. Ashcroft,* 299 F.Supp. 2d 681, 689-90 (E.D. Ky. 2004) (noting that futility may be shown where there has been "a prior indication from an agency that is does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider.") (citing *James v. United States Dept. of Health and Human Services,* 824 F.2d 1132, 1139 (D.C. Cir. 1987). Gordon cannot delay and then argue futility because of his own delay. *Id.* And contrary to his claim, there is time to pursue administrative remedies. (Exh. 4: FSA Time Credit Assessment, p. 2; Exh. 1: Racz Declaration, ¶ ¶ 7-8).

**The BOPs' exercise of discretion under the Second Chance Act is not reviewable.**

If the Court decides to address Gordon's claim that he is entitled to habeas relief based on the Second Chance Act, his petition still fails. The Second Chance Act amended 28 U.S.C. § 3624(c)(1) to provide that the BOP Director shall "ensure that a prisoner serving a term of imprisonment spends a portion of final months of that term (not to exceed 12 months), under conditions that will afford a prisoner a reasonable opportunity to adjust to and prepare for reentry of that

prisoner into the community." Second Chance Act § 251, 122 Stat. at 692; 28

U.S.C. § 3624(c)(1). Designation to a community correctional facility, or halfway

house, is one such condition. *Id.* However, the decision as to whether or when to

place an inmate in pre-release community confinement is determined by reviewing

the five factors listed in 28 U.S.C. § 3621(b) on an individual basis. Placement in

community confinement is capped at a maximum of 12 months, and the BOP's

efforts to place an inmate in a transitional facility are required only "to the extent

practicable." 28 U.S.C. § 3624(c)(1). The Second Chance Act requires the BOP to

*consider* placing an inmate in a transitional facility for up to 12 months, but there

is no guarantee or entitlement provided in the statute for an inmate to receive that

benefit. *See Dennis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). There is no

constitutionally protected liberty interest for a federal inmate to be given up to 12

months of pre-release confinement under the Second Chance Act. *Id. See also*

*Heard v. Quintana*, 184 F.Supp. 3d 515, 521-21 (E.D. Ky. 2016).

Instead, "[t]he decision to provide RRC time is a discretionary determination

left to the BOP." *United States v. Thelen*, No. 97-20015, 2019 WL 5616946, at *2

(E.D. Mich. Oct. 31, 2019). *See also Creager v. Chapman*, No. 4:09-CV-713-A,

2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) ("Section 3621(b) vests in the

Bureau of Prisons 'sole discretion' to determine where a federal inmate will be

housed."). The BOP is best situated to evaluate Gordon's placement based on

facility resources, his history, and the other factors enumerated in § 3621(b). *See*

*Cucu v. Terris*, No. 17-13646, 2018 WL 1203495, at *5 (E.D. Mich. Mar. 8, 2018)

(citing "lack of bed space and community resources" as the basis for the BOP's

reduction in the length of petitioner's RRC placement). Accordingly, the BOP's

determination of whether or when Gordon is transferred to pre-release custody in a

residential reentry center or halfway house is unreviewable. *United States v.*

*Thornton,* No. 97-CR-50021-01, 2021 WL 5205097, at *1 (E.D. Mich. Nov. 9,

2021).

Because Gordon did not pursue any administrative remedies, the record is

void of a rationale for why he has been credited with 60 days under the Second

Chance Act instead of some other number. In response to Gordon's habeas

petition, the BOP completed another FSA Time Credit Assessment, dated July 13,

2025, which indicates 60 days of Second Chance Act credit. (Exh. 3: FSA Time

Credit Assessment, p. 2). The Time Credit Assessment includes a "best case

scenario" section which states it is for "conditional pre-release planning and

preparation only" based on Gordon's "FSA/FTC status and best case Second

Chance Act (SCA) days" as of the review date. (*Id.*). The assessment also notes

that SCA days are "not guaranteed" and require an individualized assessment

under 18 U.S.C. § 3621(b). (*Id.*). Section 3621(b)'s five review factors include: (1)

the resources at the facility of confinement; (2) the nature and circumstances of the

9

offense; (3) the inmate's history and characteristics; (4) the sentencing court's

statements: (a) about why it imposed the sentence and what warranted it; or (b)

what recommendations it made, if any, about the type of penal or correctional

facility was appropriate; and (5) any pertinent policy statements issued by the

United States Sentencing Commission. 18 U.S.C. § 3621(b). The assessment then

notes that Gordon has been given 60 days of SCA credit yielding an "SCA

Conditional Placement Date" of December 3, 2027. (Exh. 3: FSA Time Credit

Assessment, p. 2). However, Gordon's case manager indicated the official SCA

review would occur in early 2026. (Exh. 1: Racz Declaration, ¶ 8). That is the

record.

Gordon's failure to exhaust has not promoted an efficient process nor has it

protected the BOP's administrative agency authority under *Woodford*. *Woodford,*

548 U.S. at 89. Nonetheless, the BOP's current record shows that Gordon may

receive 60 days' credit under the Second Chance Act pursuant to its authority

under 18 U.S.C. § 3621(b). However, if Gordon wants a review of why the 60

days' credit was assessed instead of 365 days, he must pursue the administrative

process still available to him, or he can work with his case manager in early 2026

during the SCA assessment. Under any scenario, habeas relief is not the

appropriate mechanism.

## Conclusion

Therefore, the petition for a writ of habeas corpus should be denied.

<div style="margin-left:50%">

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

/s/ Julie A. Beck
Julie A. Beck
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
julie.beck@usdoj.gov

</div>

Dated: August 12, 2025

11

## Certificate of Service

I certify that on August 12, 2025, I electronically filed the Response to Petition for Writ of Habeas Corpus and Brief in Support with the Clerk of the Court using the ECF system and that an employee of the U.S. Attorney's office mailed a copy via the United States Postal Service to the following non-ECF participant:

> Robert D. Gordon, Reg. #17141-027
> Milan FCI
> P.O. Box 1000
> Milan, MI 48160

> /s/ Julie A. Beck
> Assistant United States Attorney

12