# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ROBERT GORDON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 2:25-cv-11001 |
| | ) | |
| ERIC RARDIN, | ) | |
| | ) | |
| Respondent. | ) | |

### **DECLARATION OF C. RACZ**

I, C. Racz, do hereby declare and state as follows:

1. I have been employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice since 2013. I am currently employed as a Case Manager at the Federal Correctional Institution in Milan, Michigan (FCI Milan).

2. My responsibilities include ensuring that BOP unit management policies, including policies concerning the First Step Act (FSA) and Second Chance Act (SCA), are properly implemented at FCI Milan. All records attached to this declaration are true and correct copies of records kept in the regular course of business of the BOP. I am one of the custodians of those records. The following statements are based on my review of those records, my own personal knowledge, and other information I have acquired through the performance of my official duties.

3. I make this declaration in response to the Complaint filed by Petitioner inmate Robert Gordon, Register No. 17141-027, in which he alleges the BOP has not given him 10 months of Second Chance Act that would place him in a halfway house in August 2025.

4. I am familiar with the Petitioner. He is currently designated to and has been housed at the Federal Correctional Institution located in Milan, Michigan (FCI Milan) since April 2, 2019.[1]

---

[1] See Attachment 1, Inmate Quarters History

1

5. Petitioner is currently serving a 204-month sentence imposed by the United States District Court for the Eastern District of Michigan, to be followed by an 8-year term of Supervised Release for violations of 18 U.S.C. § 2422(b2), Coercion and Enticement of a Minor; and 18 U.S.C. § 2423(b), Interstate Travel with Intent to Engage in Sexual Act With a Minor.[2]

6. Petitioner is eligible to earn Federal Time Credits (FTCs) under the FSA, which may be applied to early transfer to supervised release and/or time spent in prerelease custody.

7. Petitioner has a Full-Term Release date of August 31, 2034. And with the application of FTCs, Petitioner has a current projected release date of February 25, 2031, via FSA Release. According to his most recent FSA Time Credit Assessment worksheet, he has the potential to earn an additional 1,180 FTC programming days to apply towards prerelease custody, which results in a tentative FSA Conditional Placement Date of December 3, 2027. Eligible inmates may also receive SCA additional placement in prerelease custody for up to 12 months. SCA is not guaranteed and requires an individualized assessment which must be conducted by Unit Team. [3] [4]

8. Thus, considering both FSA and SCA, Petitioner could potentially be placed into prerelease custody as early as December 2026. Unit Team typically reviews inmates for prerelease placement up to a year before their eligibility date. Therefore, while Petitioner is not currently eligible for pre-release placement, I will likely begin Petitioner's SCA review for potential RRC placement in early 2026.

---

[2] See Attachment 2, Public Information Inmate Data
[3] See Attachment 3, Use of Home Confinement memo, page 2, dated June 17, 2025
[4] Second Chance Act of 2007, Pub.L.No. 110-199, 122 Stat. 657; and Program Statement 5410.01 (10), page 16, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) (A full copy of this program statement can be obtained via the BOP website at *www.bop.gov*.)

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 12 day of July, 2025.

_____
C. Racz, Case Manager
FCI Milan

3