# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROBERT GORDON,
Petitioner,
v.

CASE NO.: 2:25-cv-11001

ERIC RARDIN,
Respondent.

## DECLARATION OF S. ALLISON-LOVE

I, the undersigned S. Allison-Love, do hereby make the following declaration pertinent to the above-styled and numbered cause.

1. I am the Consolidated Legal Center (CLC) Attorney for the Federal Bureau of Prisons (BOP), at the Federal Correctional Institution in Milan, Michigan (FCI Milan). I have been employed with the BOP since July 2010.

2. As a BOP Attorney, I have access to official records maintained by the BOP and am familiar with the procedures contained in BOP Program Statement 1330.18, Administrative Remedy Procedures for Inmates[1], and 28, C.F.R. Part 542, Subpart B.

3. The Administrative Remedy Program is described at 28 C.F.R. § 542.10, et seq., Administrative Remedy Procedures for Inmates.[2] Ordinarily, once an inmate has

---

[1] A full copy of this program statement can be obtained via the BOP website at *www.bop.gov*.
[2] BOP Program Statements are available for inmate access via the institution law library. Additionally, administrative remedy filing procedures are outlined and explained to inmates during Admission and Orientation.

1

attempted to informally resolve an issue, the administrative remedy process is commenced by filing a Request for Administrative Remedy (BP-9) with the Warden of the facility where the inmate is confined. If the inmate is not satisfied with the BP-9 response, the inmate may appeal by filing a Regional Administrative Remedy Appeal (BP-10) with the Regional Office within 20 days of when the warden signed the response. If dissatisfied with the Regional response, the inmate may appeal to the BOP's Office of General Counsel via a Central Office Administrative Remedy Appeal (BP-11) within 30 days of the Regional Director's signed response. Appeal to BOP's Office of General Counsel is the final step in the BOP's administrative remedy process. The response from the General Counsel's Office is considered the final agency decision. To properly exhaust all administrative remedies, an inmate must timely and properly present a claim to each level, have that remedy request accepted, and receive an actual response to that request.

4. BOP policy provides that the inmate is to obtain the appropriate form from institution staff (ordinarily, the correctional counselor). It further notes, the "Request for Administrative Remedy, Form BP-9 (BP-229), is appropriate for filing at the institution."[3] If the inmate submits a request for remedy, but does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.[4]

---

3 28 C.F.R. § 542.14
4 28 C.F.R. § 542.18

2

5. Remedy requests are assigned a unique numeric designation, followed by a suffix indicating the level of the request, as follows: "-F" indicates a request to the Warden, "-R" indicates an appeal to the Regional Director, and "-A" indicates an appeal to the General Counsel's Office.

6. The federal regulation on the Administrative Remedy Program states that all submissions received by the Administrative Remedy Clerk, whether accepted or rejected, shall be entered into SENTRY in accordance with the SENTRY Administrative Remedy Technical Reference Manual.[5]

7. The Complaint filed by Petitioner Robert Gordon, #17141-027, alleges the BOP has not given him 10 months of Second Chance Act credit that would send him to halfway house in August 2025.

8. I have reviewed Petitioner's administrative remedy request record. He has submitted zero remedies.[6]

9. An inmate must appeal through all three levels of the Administrative Remedy Process to exhaust administrative remedies.[7] Based upon my review of the administrative remedy record, Petitioner did not properly exhaust either of his administrative remedies through the BOP's Administrative Remedy Program as it relates to the allegation raised in his Complaint.

---

5 PS 1330.18 (13)(a), Remedy Processing, Receipt
6 See Attachment 1, Administrative Remedy Retrieval
7 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.")

3

I declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 1st day of July 2025.

_____
S. Allison-Love, CLC Attorney
Federal Bureau of Prisons
FCI Milan

4

```
MILBU            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      06-11-2025
PAGE 001 OF 001                                                        07:47:11
        FUNCTION: L-P  SCOPE: REG  EQ 17141-027   OUTPUT FORMAT: SAN
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: ___ ___ ___ ___ ___ ___ ___ ___ ___ ___
SUBJECTS: ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___
EXTENDED: _ REMEDY LEVEL: _ _         RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ___   ___   ___   ___   ___   ___
TRACK: DEPT: _____ _____ _____ _____ _____ _____
       PERSON: ___ ___ ___ ___ ___ ___
       TYPE:   ___ ___ ___ ___ ___ ___
EVNT FACL: EQ ___   ___   ___   ___   ___   ___
RCV FACL.: EQ ___   ___   ___   ___   ___   ___
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ___   ___   ___   ___   ___   ___
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____


G5152       NO REMEDY DATA EXISTS FOR THIS INMATE
```