UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. GORDON,

    Petitioner,

v.

ERIC RARDIN,

    Respondent.

Case No. 25-cv-11001

Honorable Robert J. White

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO SUPPLEMENT THE PETITION, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

I.    <u>Introduction</u>

Robert D. Gordon is a federal prisoner who is currently incarcerated at the Federal Correctional Institution in Milan, Michigan. He filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that he is entitled to placement in prerelease custody on his current sentence under the First Step Act (FSA) and the Second Chance Act (SCA). Respondent filed an answer to the petition, arguing that the case should be dismissed because Gordon failed to exhaust his administrative remedies. Gordon filed a motion to supplement his habeas petition as well as a reply

1

brief. For the following reasons, (1) the motion to supplement the petition is granted, and (2) the petition is summarily dismissed without prejudice.

II.  Background

Gordon pleaded guilty pursuant to a plea agreement to coercion and enticement of a minor (18 U.S.C. § 2422(b)) and interstate travel with intent to engage in a sexual act with a minor (18 U.S.C. § 2423(b)). (*United States v. Gordon*, Case No. 17-cr-20636). United States District Judge Terrence G. Berg sentenced him to 204 months in prison and eight years of supervised release. (ECF No. 6-2, PageID.63; Case No. 17-cr-20636, ECF No. 41). He did not appeal the judgment of conviction.

Gordon did move to vacate his sentence under 28 U.S.C. § 2255, which Judge Berg denied. (Case No. 17-cr-20636, ECF Nos. 42, 50). The Sixth Circuit Court of Appeals denied his application for a certificate of appealability. (*Id.*, ECF No. 55). Gordon then filed a habeas petition challenging his conviction under 28 U.S.C. § 2241. United States District Judge Jonathan J.C. Grey dismissed that petition. (Case No. 23-cv-11315, ECF No. 5).

In the current petition, Gordon contends that he is entitled to placement in prerelease custody at a halfway house due to the credits he received under the FSA as well as the SCA. Gordon specifically claims that the Bureau of Prisons (BOP)

2

improperly deducted five hundred and seventy days of FSA credit from him without justification.

III. <u>Analysis</u>

    A. *Motion to Supplement*

The decision to grant or deny a motion to supplement or amend a habeas petition is within the district court's discretion. *See Raglin v. Shoop*, No. 19-3361, 2022 U.S. App. LEXIS 15289, at *19 (6th Cir. Jun. 1, 2022). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998). Because the proposed supplement to the petition advances a new claim that may be meritorious the Court will grant the motion to supplement. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

    B. *Dismissal Without Prejudice*

Turning to the requested relief, petitioners must first exhaust their administrative remedies before seeking habeas relief pursuant to 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *see also Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir. 2006). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See e.g. Luedtke,* 704 F.3d at 466.

3

The Bureau of Prisons maintains an Administrative Remedy Program which allows an inmate to seek formal review of any issue relating to the inmate's confinement. 28 C.F.R. § 542.10(a). "The Bureau's regulatory regime for prisoner grievances consists of four tiers: (1) seeking informal resolution with a staff member; (2) submitting a grievance to the Warden on a 'BP–9' form; (3) appealing to the Regional Director on a 'BP–10' form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a 'BP–11' form within 30 days of the date the Regional Director signed the response to the appeal." *Risher v. Lappin*, 639 F.3d 236, 238–39 (6th Cir. 2011). "The BP–10 and BP–11 forms must be accompanied by a copy of the filings and responses from the previous levels." *Id.* at 239. "At each level, the responsible administrator must respond to an inmate's request or appeal within a certain time period: the Warden within 20 days; the Regional Director within 30 days; and the General Counsel within 40 days." *Id.* The time to respond can be extended by 20 days by the Warden, 30 days by the Regional Director, or 20 days by the General Counsel. *Id.* 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Risher,* 639 F.3d at 239.

Administrative law requires the proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (internal citation and quotation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

Here, Gordon acknowledges that he failed to exhaust his administrative remedies. But he asserts that exhaustion would be futile because his eligibility date for placement in a halfway house is August 2025 (according to his own calculations). In Gordon's view, exhausting those remedies would moot the current habeas petition because his purported release date already passed.

Although there is a futility exception to the exhaustion requirement, federal courts have consistently rejected Gordon's position. *See, e.g., Clark v. Allenwood*, 665 F. App'x 136, 138 (3d Cir. 2016) ("Clark's belief that the BOP will not act on his grievance before he is released from custody does not make the administrative remedy system futile"); *see also Gongora-Baltan v. Healy*, No. 24-1597, 2024 U.S. Dist. LEXIS 204842, at *4 (N.D. Ohio Nov. 12, 2024) (rejecting futility argument based on petitioner not having "enough time to pursue his remedies before his release date" where petitioner "made no efforts to comply with the BOP's administrative

5

process, and instead, he filed a petition in federal court"); *DeLeo v. Paul*, No. 23-241, 2023 U.S. Dist. LEXIS 147160, at *3 (E.D. Ky. Aug. 22, 2023) ("This Court and others have rejected the notion that already-passed or impending release, at least according to the petitioner's calculations, is sufficient to deem exhaustion futile"); *Masselli v. U.S. Parole Comm'n*, 631 F. Supp. 1442, 1446 (S.D.N.Y. 1986) ("Federal prisoners who challenge revocations of parole must exhaust administrative remedies before seeking habeas corpus relief, even though they claim they are entitled to immediate release.").

What is more, Respondent submitted a declaration from a BOP case manager indicating that Gordon's actual earliest prerelease date is December 2026. (ECF No. 6, PageID.51; ECF No. 6-2, PageID.63, ¶ 8). So he fails to show how the exhaustion of his administrative remedies would be futile. *See Pollock v. Rardin,* No. 24-12731, 2025 U.S. Dist. LEXIS 115438, at *12-13 (E.D. Mich. Jun. 17, 2025) (rejecting futility argument where petitioner offered no evidence his prelease date of May 10, 2024 had passed, particularly where respondent argued that under the best case scenario, petitioner's earliest projected FSA conditional placement date was September 26, 2025). Accordingly,

IT IS ORDERED that the motion to supplement the petition for a writ of habeas corpus (ECF No. 8) is granted.

IT IS FURTHER ORDERED that the habeas petition (ECF No. 1) is summarily dismissed without prejudice.

IT IS FURTHER ORDERED that Gordon is granted leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Dated: October 22, 2025    s/Robert J. White_____
Robert J. White
United States District Judge